**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Cheney,<br><br>Plaintiff,<br><br>v.<br><br>United States Life Insurance Company in the City of New York, a foreign insurance company; and American General Life Insurance Company, d/b/a AIG Benefit Solutions Connecticut Claim Center, a foreign business entity,<br><br>Defendants. | No. CV-17-0004-PHX-DGC<br><br>**ORDER** |

On January 30, 2019, the Court granted summary judgment in favor of Defendants United States Life Insurance Company ("U.S. Life") and American General Life Insurance Company, d/b/a AIG Benefit Solutions. Doc. 116. Plaintiff Cynthia Cheney has filed a motion for reconsideration with respect to U.S. Life only. Doc. 120. Oral argument will not aid in the Court's decision. For the following reasons, the Court will deny the motion.

**I.     Reconsideration Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Nor should such motions ask the Court to

rethink what it has already considered. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Motions for reconsideration should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009); *Nakatani*, 342 F.3d at 945.

**II.  Plaintiff's Argument.**

Plaintiff argues that the Court based its ruling on an argument first raised in U.S. Life's reply, to which Plaintiff was unable to respond, and which "produced an incorrect result that contravenes controlling law." Doc. 120 at 1. Although there are variations on Plaintiff's arguments throughout her motion, they generally boil down to three points.

First, Plaintiff argues that U.S. Life's reply brief asserted for the first time that Plaintiff's disability should be judged on the basis of her "regular job" as it existed on the day before her claimed disability date of January 1, 2007. *Id*. at 7. Plaintiff argues that it was error for the Court to consider this late-breaking argument.

Second, Plaintiff argues that consideration of this argument produced error because her disability should not have been evaluated on the basis of her claimed disability date. Rather, Plaintiff asserts that U.S. Life knew her disability claim was in fact based on her inability to work as a trial lawyer and that her last trial was in October 2005. *Id.* at 2. As a result, Plaintiff claims, it was "disingenuous" for U.S. Life to suggest that Plaintiff's claimed disability should be judged as of January 1, 2007. *Id.*

Third, Plaintiff presents case law and arguments that were not included in her response to U.S. Life's motion for summary judgment. *Id.* at 11-17. The thrust of these arguments is that U.S. Life cannot rely on adjustments Plaintiff made in her professional work to accommodate her disability as defining her "regular job" for purposes of the disability analysis. *Id.* Plaintiff instead argues that her disability should have been assessed as of the end of her trial practice in late 2005, not on the basis of her adjusted work schedule in late 2006.

None of these arguments satisfies the standard for a motion for reconsideration.

**A.     Arguments Made In U.S. Life's Motion.**

The Court cannot accept the premise of Plaintiff's motion to reconsider – that U.S. Life waited until its reply brief to argue that Plaintiff's disability should be judged on the basis of her claimed disability date and the work she was doing before that date. Although much of U.S. Life's summary judgment motion was based on a legal argument the Court did not accept – that Plaintiff is disabled only if she has a "complete inability" to perform the material duties of her regular job – the motion clearly called attention to the requirements of the Policy on which the Court ultimately relied. *See* Doc. 116.

In its opening statement, U.S. Life's motion argued that Plaintiff was not unable to perform her "regular job" – a defined term in the insurance policy ("Policy"). Doc. 92 at 1; *see also id.* at 2, 3, 7, 8, 9, 10, 11, 15 (all referring to Plaintiff's "regular job" in quotation marks). The motion correctly quoted the Policy's definition of "regular job" as "that which [she] was performing on the day before disability began." *Id.* at 2. The motion also quoted the requirement that Plaintiff's "specialty in the practice of law" must be assessed "on the day before total disability began." *Id.*

Further, the motion plainly asserted that Plaintiff's date of disability was January 1, 2007. *Id.* at 5, 9. The motion acknowledged that Plaintiff had claimed various disability dates during the claims process, and even clarified that her last trial was in October 2005, but the motion claimed that Plaintiff "is not asserting an earlier date of disability [than January 1, 2007] in this litigation." *Id.* at 4 n.1.

And the motion argued that Plaintiff's work before and after the January 1, 2007 disability date was not materially different. *See id.* at 10 (Plaintiff "was not in trial the day before she alleges her disability began"; U.S. Life evaluated Plaintiff's claim on the basis of her "claimed date of disability"), 11 ("Using Cheney's claimed date of disability of January 2007, her average after-disability income is significantly higher that her average pre-disability income."). This was the argument on which the Court ultimately relied in its summary judgment ruling. *See* Doc. 116 at 13 ("Thus, Plaintiff continued to perform the

material and substantial duties of a part-time litigator in the usual and customary way she had done before her disability date. Defining Plaintiff's regular job and specialty as required by the Policy, Plaintiff was not disabled even under the substantial performance test.").

The Court acknowledges that portions of the argument in U.S. Life's motion used the phrase "trial lawyer" to describe Plaintiff's work before her disability date, and that its reply asserted that she was not a "'trial lawyer' as she defines it during the relevant time frame." Doc. 108 at 1. But all of the briefing used the phrase "trial lawyer" rather loosely, and this fact does not change the fundamental thrust of U.S. Life's motion – that Plaintiff did essentially the same work after January 1, 2007 as she did before that date. Doc. 92 at 10-11.

### B. The Correct Disability Date.

Plaintiff's motion to reconsider suggests that she would have challenged the January 1, 2007 disability date if U.S. Life had made a clear argument in its motion. The Court simply cannot accept this assertion. U.S. Life's statement of facts contained these assertions about Plaintiff's disability date:

> 11. [Plaintiff] informed US Life that she had been unable to work as a trial lawyer since her last trial in December 2006 due to uncontrolled diabetes and other health problems. Id. at Application for Disability Benefits and Attachment to Claimant Statement for Cynthia Cheney.
>
> 12. US Life later learned during an interview in connection with Cheney's claim that her last trial was not in December 2006, but rather was in October 2005, which Cheney's former law partner, Gary Fadell, verified. See Coventry Healthcare Report, attached as Exhibit 4 and Gary Fadell Declaration at ¶ 11, attached as Exhibit 5.
>
> 13. However, Cheney is not asserting an earlier date of disability in this litigation. See Complaint [Doc. 1] at ¶ 16 and Cheney's Response to Defendants' Second Set of Interrogatories, attached as Exhibit 6 at pp. 4-5.

Doc. 93-1, ¶¶ 11-13. Plaintiff did not dispute these facts. Instead, her statement of facts admitted each of them. Doc. 106, ¶¶ 11-13. Plaintiff would have had difficulty denying

them. Her own interrogatory responses recounted the full history of her disability date positions and summarized with this statement: "Thus, as stated in Cynthia's claim submissions the start date of disability is as indicated therein *at the beginning of January 2007 at the earliest*." Doc. 93-1 at 88 (emphasis added).

Given this record, the Court cannot accept Plaintiff's new suggestion that U.S. Life's reliance on her January 1, 2007 disability date is "disingenuous" because it should have evaluated her work as of 2005. Doc. 120 at 2. At the very least, this is a new argument that cannot be made for this first time in a motion for reconsideration. *See Carroll*, 342 F.3d at 945.

### C. Plaintiff's New Case Law and Arguments.

Because U.S. Life's motion for summary judgment clearly relied on Plaintiff's January 1, 2007 disability date and argued that her work did not change materially before and after that date, and Plaintiff expressly admitted the disability date, she cannot now make arguments about the inaccuracy of that date that she did not make in response to the motion. *Id.*

**IT IS ORDERED**: that Plaintiff's motion for reconsideration (Doc. 120) is **denied**. Dated this 25th day of March, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge