**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Cheney,<br><br>    Plaintiff,<br><br>v.<br><br>United States Life Insurance Company in the City of New York, a foreign insurance company; and American General Life Insurance Company, d/b/a AIG Benefit Solutions Connecticut Claim Center, a foreign business entity,<br><br>    Defendants. | No. CV-17-0004-PHX-DGC<br><br>**ORDER** |

Plaintiff Cynthia Cheney filed a complaint against Defendants United States Life Insurance Company ("U.S. Life") and American General Life Insurance Company ("American General), d/b/a AIG Benefit Solutions, alleging breach of contract and insurance bad faith. Doc. 1. The Court granted summary judgment in favor of Defendants, and the judgment was affirmed on appeal. Docs. 116, 134. Defendants have now filed a motion for attorneys' fees and litigation costs. Doc. 135. The motion is fully briefed, and neither party requests oral argument. Docs. 135- 36, 141. The Court will deny the motion.

**I.     Background.**

Plaintiff, a former trial lawyer, was covered by a disability insurance policy ("Policy") issued by U.S. Life that provided for the payment of benefits if the policyholder became disabled. Doc. 116 at 1- 2. Plaintiff submitted a disability claim in January 2014,

alleging that she had been unable to work for several years because of uncontrolled diabetes and other health conditions. *Id.* at 2-3. U.S. Life denied Plaintiff's claim in July 2015, finding that Plaintiff had not established that she was entitled to benefits under the Policy. *Id.* at 3. Plaintiff sued U.S. Life and a separate entity, American General, for breach of contract and bad faith. Doc. 1. The Court granted summary judgment in favor of Defendants on both claims. Doc. 116 at 15-16. The Court found that Plaintiff failed to cite any evidence indicating that American General was ever a party to the Policy or involved in writing or administering the Policy. *Id.* at 5- 6. The Court also found that Plaintiff did not qualify as "totally disabled" under the language of the Policy because the undisputed evidence showed that she performed the same substantial and material duties of her job after her disability date as she did before that date. *Id.* at 13-16.

Defendants' renewed motion requests $176,442.00 in attorneys' fees and non-taxable expenses of $74,126.52.

## II. **Legal Standard.**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12- 341.01(A). The attorneys' fees statute seeks to "mitigate the burden of the expense of litigation to establish a just claim or a just defense." *Id.* § 12-341.01(B). Fees may be awarded at the trial court's discretion. *See Andra R Miller Designs LLC v. US Bank NA*, 418 P.3d 1038, 1045 (Ariz. Ct. App. 2018). In deciding whether to award fees under § 12-341.01, courts consider: (1) the merits of the claim or defense presented by the unsuccessful party; (2) whether the litigation could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) the novelty of the legal question presented; (6) whether the claim or defense had previously been adjudicated in this jurisdiction; and (7) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract

issues for fear of incurring liability for the opposing party's fees. *Associated Indem. Corp. v. Warner*, 694. P.2d 1181, 1183-84 (Ariz. 1985).

### A. Application of § 12-341.01.

Plaintiff first argues that § 12-341.01 should not apply because Defendants did not establish a "just defense." Doc. 136 at 3-5. Plaintiff contends that she was never given a fair opportunity to challenge the basis for the Court's summary judgment decision – that Plaintiff did essentially the same work after the onset of her disability as she did before – because Defendants relied primarily on a different argument in their motion for summary judgment. *Id.* at 3. The Court addressed and rejected this argument in response to Plaintiff's motion for reconsideration. Docs. 123. As the Court observed, U.S. Life's summary judgment motion – while focusing primarily on a legal argument that the Court did not accept – nonetheless contained the elements of the argument on which the Court ultimately relied. *Id.* at 4. The Court of Appeals held that the Court did not abuse its discretion in rejecting Plaintiff's argument. Doc. 134-1 at 4. Plaintiff's argument that Defendants did not establish a just defense is without merit.

### B. *Warner* Factors.

Six of the seven *Warner* factors favor awarding attorney's fees in this case. 694 P.2d at 1184. On the first factor, Defendants prevailed on the merits of both of Plaintiff's claims. Doc. 116. Plaintiff argues, citing an Arizona Court of Appeal case, that "a claim can have merit even if does not succeed." Doc. 136 at 5 (citing *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990)). But *Clark* involved a litigant who succeeded at both the trial and appeals courts before losing at the Arizona Supreme Court, which observed that each party had advanced "plausible" statutory interpretations. *See id.* Here, by contrast, the Court found that Plaintiff's arguments – both about American Life's involvement in the Policy and U.S. Life's breach of the Policy – were unsupported by evidence in the record. *See generally* Doc. 116. The Court of Appeals agreed. Doc. 134-1.

On the second factor, Plaintiff argues that Defendants ignored her settlement offers, and that litigation could have been avoided if Defendants had "simply accept[ed]" her disability claim. Doc. 136 at 5. But Plaintiff's offers, including a $550,000 settlement offer in May 2018, were either at or above the maximum value of Plaintiff's total disability claim. Docs. 136 at 6, 141 at 3. Defendants' refusal to entertain these proposals was reasonable given their belief that Plaintiff did not qualify as disabled under the Policy – a position affirmed by the Court and upheld on appeal. *See* Docs. 63 at 1-2, 116 at 13-15, 134-1. Plaintiff also suggests that U.S. Life's legal efforts were superfluous in achieving its successful result because the Court rejected U.S. Life's main legal theory and granted summary judgment on another basis. Doc. 136 at 6. As discussed above, U.S. Life's summary judgment motion advanced the theory upon which the Court relied in granting summary judgment. Doc. 123 at 4. Defendants' belief that Plaintiff did not qualify for benefits under the Policy compelled Defendants to litigate this case to a conclusion.

The fourth, fifth, sixth, and seventh factors also favor a fee award. Defendants prevailed on all claims asserted by Plaintiff, and the legal questions implicated by the litigation – far from being novel and unadjudicated – were standard issues of contract interpretation governed by two Arizona Court of Appeals cases, in addition to well-established law regarding disability insurance policies in other states. *See* Doc. 116 at 7-9. A fee award in this case – where Plaintiff's arguments lacked evidentiary support and the record in fact supported U.S. Life's determination that Plaintiff was not disabled under the Policy – would do little to discourage tenable claims or defenses.

The third *Warner* factor weighs against a fee award. While the party requesting fees has the burden of proving entitlement, "the party asserting financial hardship has the burden of coming forward with prima facie evidence of financial hardship." *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991). This requires the party opposing fees to "present specific evidence of hardship by affidavit or testimony." *Best W. Int'l, Inc. v. Patel*, No. CV 04-2307-PHX-JAT, 2008 WL 544820, at *3 (D. Ariz. Feb. 26, 2008). Plaintiff has submitted an affidavit stating that she is 70 years old, separated from her

husband for 10 years, and suffering from various health ailments that have limited her ability to work.  Doc. 136-1 ¶ 13.  Her income over the last decade has been minimal.  *Id.* ¶ 21.  While she presently works part time, she is unable to do so on a consistent basis and her current job – which provides her with an annual income of $15,000 – will end once her contract expires at the end of this year.  *Id.*  ¶¶ 14, 17-19.  Her sole sources of income will then amount to less than $3,000 each month after taxes.  Docs. 138, 139 ¶ 25.

Plaintiff has met her burden of establishing financial hardship.[1]  Six of seven factors favor a fee award, but the Court finds such an award would impose an extreme hardship given Plaintiff's age, health, and employment status.

**IT IS ORDERED:**

1. Defendants' motion for attorneys' fees (Doc. 135) is **denied**.
2. Plaintiff's motion for leave to file an amended declaration (Doc. 138) is **granted**.

Dated this 3rd day of December, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Defendants assert Plaintiff is still legally married and the financial state of her community property is unknown, but they present no evidence on this argument and request no discovery to support it.  *See* Doc. 141 at 3.  Plaintiff has met her burden of providing prima facie evidence of financial hardship, and Defendants have not rebutted it.